UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RAYSA FABELO,                                   Case No. _____

   Plaintiff,

vs.

FRANCISCO CARPIO, M.D., P.A.,
a Florida Profit corporation, and
FRANCISCO CARPIO, Individually,

   Defendant.
_____/

## **COMPLAINT**

**COMES NOW**, the Plaintiff, RAYSA FABELO (hereinafter "FABELO"), by and through her undersigned counsel, and files this Complaint against Defendant, FRANCISCO CARPIO, M.D., P.A., (hereinafter "CARPIO") a Florida Corporation, and FRANCISCO CARPIO, individually, and in support alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 and brought by FABELO to recover from CARPIO unpaid overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. Defendant, CARPIO, at all relevant times, is a Florida Corporation with its principal place of business located at 11760 SW 40 ST, SUITE 654, MIAMI, FL 33175 and whose registered agent is JOSE E SMITH located at 2103 CORAL WAY, SUITE 305, MIAMI, FL 33145. Upon information and belief, the Defendant Company was the FLSA employer for Plaintiff's respective period of employment.

4. The Defendants' business activities involve those to which the Fair Labor Standards Act applies.

5. The Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period as the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

6. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

7. The Defendants also regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

8. Upon information and belief, CARPIO's gross sales or business exceeded $500,000.00 for the relevant time periods alleged in this complaint.

9. All of the relevant events alleged in this complaint occurred in Dade County.

10. The individual Defendant, FRANCISCO CARPIO, is an adult resident of Miami Dade County.

11. The individual Defendant, FRANCISCO CARPIO, is a corporate officer and/or owner and/or manager of the Corporate Defendant, CARPIO.

12. The individual Defendant, FRANCISCO CARPIO, ran and/or assisted in the running of day-to-day operations of the Corporate Defendants at all relevant times alleged within this complaint.

13. The individual Defendant, FRANCISCO CARPIO, was responsible for paying FABELO's wages for the relevant times alleged in this complaint.

14. The individual Defendant, FRANCISCO CARPIO, controlled Plaintiff's work schedule.

15. The individual Defendant, FRANCISCO CARPIO, was FABELO's employer as defined by 29 U.S.C. 203 (d).

16. All of the relevant events alleged in this complaint occurred in Dade County.

## COMMON FACTUAL ALLEGATIONS

17. From approximately on or about December 2012 through on or about November 2014, FABELO worked for CARPIO as a medical assistant.

18. FABELO was compensated at a rate of $15.00 per hour for the work she performed for CARPIO.

19. FABELO was supposed to be compensated at a rate of $22.50 per hour for all work performed in overtime.

20. During the period of December 19, 2012 through November 5, 2014, FABELO was not paid overtime as required by state and federal law.

21. FABELO worked approximately 400 hours in excess of her regular forty (40) hour work week.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT (OVERTIME WAGE VIOLATION)

22. Plaintiff readopts and realleges all the allegations contained within Paragraphs 1 through 16.

23. This is an action to collect unpaid overtime wages under the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA").

24. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216 (b).

25. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate. . . ."

26. From on or about December 2012 through on or about November 2014, FABELO worked approximately 400 hours in excess of the forty (40) hour work week for CARPIO.

27. Defendants did not pay FABELO at all for the 400 hours that FABELO worked in excess of the forty (40) hour work week for CARPIO.

28. As per the Fair Labor and Standard Act, 29 U.S.C. § 201 *et. seq.*, FABELO should have been paid at a rate of $22.50 per hour by the Defendants for the approximately 400 hours that FABELO worked in excess of the forty (40) hour work week for CARPIO.

29. Defendants willfully and intentionally refused to pay FABELO's overtime wages as required by the FLSA as Defendants knew of the Federal Overtime Wage requirements of the FLSA and recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

30. Furthermore, FABELO demand the overtime wages due as a result of Defendants' violation of the Federal Overtime Wage requirements of the FLSA through a letter by FABELO's counsel, but Defendants never responded to this demand with these unpaid wages.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with each Defendant, along with court costs, interests, and any such other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## JURY DEMAND

Plaintiff demands a trial by jury for all triable issues as of right.

Respectfully submitted,

**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, 2nd Floor
Miami, Florida 33126
Telephone: (305) 266-1150
Facsimile: (305) 266-1151
Primary Email: rcorona@coronapa.com
Second Email: aalvarez@coronapa.com


By:*/s/ Ricardo Corona/*
RICARDO R. CORONA, ESQ.
Florida Bar No.: 111333
America Alvarez, Esq.
Florida Bar No.: 0716080